I must respectfully dissent because I conclude that the majority has not properly interpreted the rule in Wilson, supra
regarding the admissibility of evidence of predivorce conduct in a modification proceeding. This court in Wilson stated and held:
 "The provisions of the original divorce decree were, in the present case, based upon the stipulations and agreement of the parties. Apparently, no testimony concerning the child custody issue was offered. Under such circumstances, facts relating to the parties' pre-divorce conduct should be considered by the trial court in a modification proceeding. The trial court's refusal to admit any evidence concerning the parties' prior conduct is clearly error. Accordingly, the trial court's decree must be reversed." *Page 456 
408 So.2d at 116 (citations omitted) (emphasis added). As inWilson, the original custody judgment in this ease was reached by agreement; therefore, the rule in Wilson applies.
The majority states that the trial court merely determined that evidence of the father's son's sexual abuse against the mother's other children was not relevant and that such determination was within the trial court's discretion. I disagree. Although the allegations do not involve the children whose custody is at issue in this case, the trial court's order places these young children in the home with the father's son. Allegations of sexual abuse are particularly relevant in child custody cases, especially those involving pre-school children. Accordingly, I would apply the rule in Wilson to this case and remand the case for the trial court to consider evidence of the father's son's sexual abuse towards the mother's other children. Therefore, I must respectfully dissent.